**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry Steven MALONE, Defendant–Appellant.**

No. 09–30062.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Filed Dec. 14, 2009.

Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Larry Steven Malone, Edgefield, SC, pro se.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Larry Steven Malone appeals pro se from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for modification of sentence and granting his motion for a corrected judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Malone contends that the district court erred in determining that it lacked authority to resentence him pursuant to § 3582(c)(2) because Guidelines Amendment 599, addressing the applicability of weapons enhancements for defendants convicted of § 924(c) violations, applied to him. The district court did not err in denying the motion because the amended judgment reflects that his § 924(c) conviction has been dismissed. In addition, Malone's contentions challenging the district court's drug quantity calculations in the original sentencing are beyond the scope of a § 3582(c)(2) action. *See United States v. Leniear,* 574 F.3d 668, 673 (9th Cir. 2009).

Malone's contention that he was entitled to personally appear and to allocute fails. *See* Fed.R.Crim.P. 43(b)(4); *see also Unit-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*ed States v. Carper,* 24 F.3d 1157, 1162 (9th Cir.1994) (finding the denial of a defendant's right to allocution to be harmless where the district court lacked discretion to impose a sentence shorter than the one already imposed).

Finally, the district court did not err by construing the motion for modification of sentence as also a motion for a corrected judgment, and granting the motion to reflect the dismissal of the § 924(c) count. *See* Fed.R.Crim.P. 36; *see also United States v. Kaye,* 739 F.2d 488, 490 (9th Cir.1984) (finding it permissible under under Rule 36 to make a change that conforms the sentence to the term which the record indicates was intended).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.